**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

|  |  |
|---|---|
| SUMMER KESSLER, on behalf of herself and all others similarly situated, | Case No. 3:22-cv-02971-SPM |
| *Plaintiff,* | |
| -against- | |
| CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY, | |
| *Defendants.* | |

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS IN PART [ECF NOS. 16, 17]**

Plaintiff Summer Kessler ("Plaintiff"), along with all other similarly situated employees who join this action (collectively "Plaintiffs"), by her attorneys, Shavitz Law Group, P.A., Hepworth Gershbaum & Roth PLLC, and Werman Salas P.C., files this Response in Opposition to Defendants' Motion to Dismiss In Part ("Motion to Dismiss" or "Motion"), and states:

Defendants' Motion is predicated on their argument that this Court is powerless to apply federal law to employees who Defendants injured through their illegal pay practices while these employees worked in states other than Illinois. Defendants are wrong. The Seventh Circuit explicitly rejected this argument in Rule 23 class actions. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020), *cert. denied*, 2021 WL 78484 (U.S. Jan. 11, 2021) ("unnamed class members are not required" to demonstrate personal jurisdiction). This same rationale holds true for Fair Labor Standards Act ("FLSA") collective actions which involve federal law overtime pay claims. *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 97-99 (1st Cir. 2022) (same). There is no legal basis to deviate from the controlling Circuit precedent or to fashion a new rule limiting FLSA

collective actions in a manner not contained in the statute. For the reasons explained below, Defendants' Motion should be denied.

## **BACKGROUND**

Plaintiff is an Illinois resident and worked for Defendants in Illinois as a Store Manager. ECF No. 1 (Complaint) at ¶¶ 5, 6. Although Plaintiff and the other Store Managers nationwide regularly worked more than 40 hours a week, Defendants maintain a common, nationwide unlawful policy not to pay Store Managers overtime wages. *Id*. at ¶¶ 29-30. Plaintiff alleges that Defendants misclassify Store Managers as exempt from the FLSA's overtime pay requirements and Defendants owe Plaintiff and all Store Managers overtime wages. *Id*. at ¶¶ 4, 22-29.

On December 12, 2022, Plaintiff filed this collective and class action against Defendants for violating the FLSA and Illinois Minimum Wage Law ("IMWL"). *See* ECF No. 1. Plaintiff properly served Defendants with the summons and complaint. ECF Nos. 7-9. On February 21, 2021, Defendants moved to dismiss portions of the collective allegations in Plaintiff's Complaint. *See* Motion to Dismiss, ECF No. 16, 17. Defendants maintain that the proposed collective action is improper because the Court "lacks specific personal jurisdiction over non-Illinois Plaintiffs with respect to Plaintiff's . . . FLSA claim." ECF No. 17 at 1. Specifically, while Defendants concede they are subject to specific jurisdiction with respect to the claims of the named Plaintiff and the putative opt-in plaintiffs who worked for Defendants in Illinois, they erroneously contend that the putative non-resident opt-in plaintiffs' claims cannot be part of this federal cause of action proceeding in federal court. *See* ECF No. 17 at 2. This simply is not the law for FLSA collective actions where Plaintiff seeks to serve as the collective action representative.

- 2 -

## ARGUMENT

### I.   Personal Jurisdiction Over the Defendants for Claims of Putative Non-Resident Class and Collective Action Members Exists in Federal Question Cases.

Pursuant to FED. R. CIV. P. 12(b)(2), where the issue of personal jurisdiction is "decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).  Courts take as true all well-pleaded facts alleged in the complaint. *Id*.

In class litigation, the personal jurisdiction inquiry is on whether the named plaintiffs are "able to demonstrate either general or specific personal jurisdiction but the unnamed class members are not required to do so." *Mussat*, 953 F.3d at 447.  The same is true for FLSA collective actions.  *Waters*, 23 F.4th at 97-99.  The burden placed by a state upon the claims of an absent class action plaintiff "are not of the same order or magnitude as those it places upon an absent defendant." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985). Indeed, the Supreme Court has noted that "[e]ase of administration of class actions would be compromised by having to consider the citizenship of all class members, many of whom may even be unknown, in determining jurisdiction." *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002).

### II.   The Motion to Dismiss Must Be Denied.

Defendants concede that this Court has jurisdiction over Plaintiff's claims and that Plaintiff properly served them with the Complaint.  ECF Nos. 7-9; Answer (ECF No. 14) at ¶¶ 11 (admitting to owning and operating stores in Illinois), ¶ 18 (admitting to the Court having subject matter jurisdiction over the FLSA claims), ¶ 20 (admitting to proper venue). According to Defendants, this Court lacks specific personal jurisdiction as to the putative non-Illinois opt-in plaintiffs' FLSA

claims because (as Defendants maintain) in collective actions specific jurisdiction must be assessed as to the claims of every member of the putative FLSA collective.[1] Defendants are wrong.

### A.     The Court Has Specific Jurisdiction Over the FLSA Claims.

There is no question that the Court has jurisdiction over the FLSA claims of the Named Plaintiff and the putative opt-in plaintiffs who worked for Defendants in Illinois – a fact that Defendants admit. ECF No. 14 at ¶¶ 11, 18, 20. Because the Court unquestionably has such jurisdiction, then the Court need not assess the jurisdiction as it pertains to the claims of the putative non-resident opt-in plaintiffs. *Mussat*, 953 F.3d at 447; *Waters*, 23 F.4th at 97-99.

In *Mussat,* the Seventh Circuit rejected the notion that the jurisdictional analysis in *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty*., 137 S. Ct. 1773 (2017), applies to class actions.  *First*, the *Mussat* court emphasized that a plaintiff could represent a nationwide class in federal court, even if the federal court did not have general jurisdiction over the defendant. 953 F.3d at 445 (citations omitted). "Even if the links between the defendant and an out-of-state unnamed class member were confined to that person's home state, that did not destroy personal jurisdiction." *Id*.  Jurisdiction over the class claims depended only on the named plaintiff's affiliation with the forum.  *Id*.  Not surprisingly, "the Supreme Court has regularly entertained cases involving nationwide classes where the plaintiff relied on specific, rather than general, personal jurisdiction in the trial court, without any comment about the supposed jurisdictional

---

[1]     Defendants spend a distracting and inordinate amount of time demonstrating the Court's lack of general jurisdiction over Defendants. ECF 17 at 3-4, 7-8. Because Defendants are neither incorporated in Illinois nor maintain their principal place of business in Illinois, there is no issue that this Court lacks general jurisdiction over Defendants.  The true question that must be assessed by this Court is whether the Court has jurisdiction over the collective action members pursuant to section 216(b) of the FLSA.  This question has been answered by the Supreme Court and Seventh Circuit with a resounding yes.  *See supra* at 1.

- 4 -

problem [raised by the defendant]." *Id*. (collecting cases).  This same rationale holds true here where the named Plaintiff worked for Defendants in Illinois and seeks to represent a nationwide FLSA collective for violations of federal overtime laws.

*Second*, the *Mussat* court focused on the distinguishing facts in *Bristol-Myers*.  In addition to focusing on the vastly different substantive claims in *Bristol-Myers* – a mass tort action under various state laws based upon the injuries the plaintiffs allege they suffered from taking Plavix, a blood thinning drug – the *Mussat* court also focused on the procedural vehicle for the mass tort action.  *Id*. at 445 (citing *Bristol-Myers*, 137 S. Ct. at 1777).  Although Bristol-Myers sold Plavix in California, it had no other contacts with the state.  However, the plaintiffs brought their case as a coordinated mass action, which is a device authorized under § 404 of the California Civil Procedure Code.[2]  *Id*.  This uniquely California procedure has no parallel in the Federal Rules of Civil Procedure.  *Id*.

Contrary to what Defendants contend, *Bristol-Myers* does not apply to class or collective actions. The *Bristol-Myers* plaintiffs brought a coordinated mass tort action, which does not involve any absentee litigants. Rather in a case brought pursuant to § 404 of California Civil Procedure Code, all of the plaintiffs are named parties to the case.  The statute allows the trial court to consolidate their cases for resolution of shared legal issues before moving on to individual

---

[2] "When civil actions sharing a common question of fact or law are pending in different courts, a petition for coordination may be submitted to the Chairperson of the Judicial Council, by the presiding judge of any such court, or by any party . . . . A petition for coordination . . . shall be supported by a declaration stating facts showing that the actions are complex . . . and that the actions meet the standards specified in Section 404.1. On receipt of a petition for coordination, the Chairperson of the Judicial Council may assign a judge to determine whether the actions are complex, and if so, whether coordination of the actions is appropriate . . . ." CAL. CIV. P. CODE § 404.

issues.  In class actions, the lead plaintiffs control the jurisdictional analysis and "the absent class members are not full parties to the case for many purposes."  *Mussat*, 953 F.3d at 447.

> **B.** ***Bristol-Myers* Does Not Provide Any Grounds for Dismissal of the Putative Non-Resident Opt-In Plaintiffs' Claims**.

*Bristol-Myers* – upon which Defendants' entire Motion hinges – was not a FLSA collective or Rule 23 class action. Rather, that case involved multiple state-law tort claims, consolidated under California state law procedures. The myriad of factual differences with the instant case render *Bristol-Myers* inapplicable here.

> **1.** ***Bristol-Myers* Rests on Constitutional Principles Limiting <u>State</u> (Not Federal) Court Authority.**

In *Bristol-Myers*, the Supreme Court held that due process did not permit the exercise of specific personal jurisdiction in California over claims by nonresidents premised upon California law. 137 S. Ct. at 1781.  In that case, 86 California residents and 592 residents from 33 other States sought redress against a New Jersey and New York-based medical company in a California **state** court under California **state** laws related to products liability, negligent misrepresentation, and misleading advertising laws. *Id*. at 1777-78. The Court looked to the longstanding specific jurisdiction principle that "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state.'" *Id*. at 1781 (citations omitted).

Unlike *Bristol-Myers*, in the instant case, Plaintiff filed suit in **federal** court under a **federal** statute, the FLSA.  *See generally* ECF No. 1.  Her nationwide collective action allegations relate to claims under a federal statute (the FLSA), not Illinois law. *Id*. Plaintiff does not seek a mass tort recovery, but rather seeks redress under the FLSA on behalf of all similarly situated Store

Managers nationwide whom Defendants denied overtime pay. *Id.*, *passim*. This case will resolve a federal question – whether or not Defendants complied with the FLSA. ECF No. 1.

These manifest differences in forum, law, and type of action undermine any effort to compare the instant case to *Bristol-Myers*. In addition, unlike mass tort claims, the FLSA is humanitarian and remedial in nature and must be constructed to effect Congress' purpose, which was to create nationwide workforce rights to protect the country's workers. *Koch v. Jerry W. Bailey Trucking, the Estate of Jerry W. Bailey*, 482 F. Supp. 3d 784, 793 (N.D. Ind. 2020). The FLSA must be construed liberally to apply to the furthest reaches consistent with congressional direction. *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 217 (1959); *see also* Part II.C. *infra*. It would be a narrow application of the FLSA to prevent a plaintiff from bringing a FLSA collective action in the court in the venue where she worked by adopting Defendants' tortured application of *Bristol-Myers* to FLSA collective actions.

### 2. The Fourteenth Amendment Does Not Limit the Personal Jurisdiction of Federal Courts.

The Supreme Court's *Bristol-Myers* decision addressed the limits on personal jurisdiction imposed by the Fourteenth Amendment's due process clause. 137 S. Ct. at 1779. The Fourteenth Amendment "sets the outer boundaries of a **state tribunal's** authority to proceed against a defendant[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (emphasis added). It reflects limits on "the power of a sovereign to resolve disputes through judicial process[.]" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 879 (2011) (plurality opinion of Kennedy, *J.*). The Fourteenth Amendment's limits on personal jurisdiction thus reflect the Supreme Court's view that state courts possess adjudicative authority only over those who are

properly subject to the state's sovereign power as a result of presence within the state or purposeful direction of conduct towards persons in the state. *Id*. at 880–81.

The Supreme Court's holding in *Bristol-Myers* that a state court cannot assert personal jurisdiction over a defendant in an individual tort action when the defendant is neither "at home" in the state nor has engaged in any forum-related activity connected to the individual plaintiff's "specific claims" stems from the Court's concerns about "territorial limitations on the power of respective states." *Bristol-Myers*, 137 S. Ct. at 1780-81 (quotation omitted). Thus, such limitations are grounded in the "federalism interests[,]" *id*. at 1780, in confining institutions of each state (including state courts) within the limits of their sovereign authority to avoid infringements "on the sovereignty of [their] sister States[.]" *Id*. (quotation omitted).

As the Supreme Court held in *Bristol-Myers*, any due process limits on federal courts stem from the Fifth Amendment rather than the Fourteenth, as federal courts are not state institutions. *Id*. Unlike state authority, federal power is not limited by state lines. The federal government has "its own direct relationship, its own privity, its own set of mutual rights and obligations to the people who sustain it and are governed by it[,]" without regard to their relationship with any particular state. *Nicastro*, 564 U.S. at 884 ("Because the United States is a distinct sovereign, a defendant may in principle be subject to the jurisdiction of the courts of the United States" without regard to whether it may be hauled into the courts "of any particular State.").

Indeed, the Supreme Court did not extend its ruling in *Bristol-Myers* to the jurisdiction of federal courts adjudicating federal statutes of nationwide application, expressly qualifying: "Since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the

- 8 -

exercise of personal jurisdiction by a federal court." *Bristol-Myers*, 137 S. Ct. at 1783-84 (emphasis added). The Court repeatedly emphasized its decision was grounded in the Fourteenth Amendment's limits on the power of state courts. *Id.* at 1779.

In *Waters*, 23 F.4th 84, the First Circuit held that *Bristol-Myers* does not apply to FLSA collective actions for these very reasons. The *Waters* court explained that the Supreme Court's reasoning in *Bristol-Myers* rests on Fourteenth Amendment constitutional limits on state courts exercising jurisdiction over state-law claims. *Id.* at 92. The Fourteenth Amendment indisputably does not directly limit a federal court's jurisdiction over purely federal law claims like those in this case. *Id.* Rather, as a constitutional matter, the "constitutional limits" of a federal court's jurisdiction over federal law claims are governed by the Fifth Amendment. *Id.* The Fifth Amendment does not bar an out-of-state plaintiff from suing to enforce their rights under a federal statute in federal court if the defendant maintained the "requisite 'minimum contacts' with the United States." *Id.* (citations omitted). Because in *Waters*, there was no allegation that the named plaintiff and opt-in plaintiffs lacked contacts with the United States and no dispute that the defendant was properly served pursuant to Federal Rules of Civil Procedure and the Massachusetts long-arm statute, the First Circuit affirmed the district court's holding that the court had jurisdiction over the non-resident opt-in plaintiffs' claims against the defendant. *Id.* The same is true here.

### 3. The Overwhelming Majority of Courts Refuse to Apply *Bristol-Myers* to FLSA Collective Actions.

Unlike the "mass" state law tort claims at issue in *Bristol-Myers*, FLSA claims are "federal claim[s] created by Congress specifically to address employment practices nationwide." *Swamy v. Title Source, Inc.*, 2017 U.S. Dist. LEXIS 186535, at *5 (N.D. Cal. Nov. 10, 2017) (citing 29

- 9 -

U.S.C. 202, 207(a)). "Congress created a mechanism for employees to bring their claims on behalf of other employees who are 'similarly situated' and in no way limited those claims to in-state plaintiffs." *Id.* The *Swamy* court described the ramifications of reading *Bristol-Myers* so expansively as to require putative non-resident opt-in plaintiffs to independently establish a basis for specific personal jurisdiction against each defendant:

> The result of the rule [defendant] urges would be that each putative collective member not residing in either the state where the suit is brought, or a state where the defendant is domiciled, could not be part of the collective action. This would splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficiency of FLSA collective actions as a means to vindicate employees' rights.

*Swamy*, 2017 U.S. Dist. LEXIS 186535, at *5; *Hickman v. TL Transp., LLC*, 317 F. Supp. 3d 890, 899 n.2 (E.D. Pa. 2018) ("There are also compelling reasons to doubt that the reasoning in *Bristol-Myers* applies to the claims of putative class members who worked for [the employer] in Maryland. Unlike the mass tort action arising under state law in *Bristol-Myers*, this is an opt-in class action arising under a federal statute that applies to all fifty states."). After all, too expansive a reading of *Bristol-Myers* would result in abolishing the use of nearly all forms of representative actions, not just FLSA collective actions.

Likewise, the court in *Seiffert v. Quest Corp.*, 2018 U.S. Dist. LEXIS 211287, at *5 (D. Mont. Dec. 14, 2018), rejected the defendants' request that the court "extend *Bristol-Myers's* reasoning to a putative FLSA collective action." The *Seiffert* court observed the FLSA could not compare to the common law claims at issue in *Bristol-Myers* as: (1) "the FLSA claims before the Court arise from a federal statute designed to address employment practices nationwide"; (2) "[t]he FLSA collective action provision allows employees to bring claims on behalf of themselves and other employees 'similarly situated'"; and that (3) "[t]he FLSA does not limit claims to instate

plaintiffs." *Id.* (citing 29 U.S.C. §§ 202, 207(a), 216(b)); *see Hager v. Omnicare, Inc.*, 2020 U.S. Dist. LEXIS 178770, at *18 (S.D.W.V. Sept. 29, 2020) ("the appropriate jurisdictional analysis is at the level of suit, which is between Ms. Hager and Omnicare. Omnicare is subject to personal jurisdiction in West Virginia for the claims brought by Ms. Hager, 'the sole named plaintiff in this action, which is all that is needed to satisfy the requirement of personal jurisdiction in an FLSA collective action.'") (citations omitted); *Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018) (declining to extend the "*Bristol-Myers* requirement to analyze personal jurisdiction with regards to each individual plaintiff to the FLSA collective action jurisdictional analysis."); *Thomas v. Kellogg Co.*, 2017 U.S. Dist. LEXIS 171734, at *1 (W.D. Wash. Oct. 17, 2017) (noting *Bristol-Myers* decision was not likely designed to unseat decades of FLSA collective action litigation and that the decision "repeatedly claims it involves only the 'straightforward application' of 'settled principles' of specific personal jurisdiction, and that it does not purport to be the 'game changing' 'transformative' opinion' that the defendants argued it to be.").

Indeed, an overwhelming majority of district courts have concluded that *Bristol-Myers* does not apply to FLSA collective actions. *E.g, Haro v. Walmart, Inc.*, 2023 U.S. Dist. LEXIS 32051, at *8-10 (E.D. Cal. Feb. 24, 2023) ("the federalism concerns that drove the Supreme Court in *Bristol-Myers*" are absent in FLSA collective actions) (collecting cases); *Stacy v. Jennmar Corp. of Va., Inc.,* 342 F.R.D. 215, 222-23 (W.D. Va. Aug. 25, 2022) *(*noting that *Bristol-Myers* focused the specific-jurisdiction inquiry at the level of "the suit" and in a collective action, unlike mass actions, there is only ever one suit — the suit between the named plaintiff(s) and the defendant. The fact that additional persons opt-in to the litigation does not fundamentally change this dynamic -- the "suit" arises out of or relates to defendant's contacts"); *O'Quinn v. TransCanada USA Servs.*,

469 F. Supp. 3d 591, 614 (S.D.V.W. June 29, 2020) ("So long as the named plaintiff in an FLSA action was injured in the forum state by the defendant's conduct then the 'suit' arises out of or relates to the defendant's contacts with the forum."); *Hunt v. Interactive Med. Specialists, Inc.,* 2019 U.S. Dist. LEXIS 208561, at *7 (N.D. W. Va. Dec. 4, 2019) ("Accordingly, unlike the mass action in *Bristol-Myers Squibb*, the only suit before the Court does arise out of or relate to Defendants' contacts with the forum.") (citations omitted); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 818-19 (N.D. Ill. 2018) (*Bristol-Myers* does not alter [the] landscape" of nationwide or multistate class actions); *see also Chavez v. Stellar Mgmt. Grp. VII, LLC,* 2020 WL 4505482, at *1 (N.D. Cal. Aug. 5, 2020) (holding *Bristol-Myers* does not apply to FLSA collective actions); *Hammond v. Floor and Decor Outlets of Am., Inc.*, 2020 WL 2473717 (M.D. Tenn. May 13, 2020) (same); *Aiuto v. Publix Super Markets, Inc.*, 2020 WL 2039946 (N.D. Ga. Apr. 9, 2020) (same); *Warren v. MBI Energy Servs., Inc.*, 2020 WL 937420, at *6 (D. Colo. Feb. 25, 2020) (same); *Mason v. Lumber Liquidators, Inc.*, 2019 WL 3940846 at *7, (E.D.N.Y. Aug. 19, 2019) (same).

Congress specifically designed the FLSA to provide nationwide redress for alleged wage violations. *Walton v. Publix Super Markets Inc.*, 2020 U.S. Dist. LEXIS 266162, at *10-11 (N.D. Ga. Apr. 10, 2020) (refusing to extend *Bristol-Myers* to FLSA context: "the Court is 'bound by the intent of Congress, as expressed in the language of the statute. . . . the FLSA collective action provision permits employees to bring claims on behalf of themselves and other employees 'similarly situated.' 29 U.S.C. § 216(b). Nothing in the plain language of the statute limits its application to 'similarly situated' in-state plaintiffs. 'Congress' purpose in authorizing § 216(b) was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer.' . . . Defendants' suggested

reading of *Bristol-Meyers* would frustrate the intent of Congress in enacting the collective action provision of the FLSA.  The Court therefore finds that *Bristol-Meyers* does not divest the Court of personal jurisdiction, regardless of where the opt-in plaintiffs may have suffered their alleged injuries.") (internal citations omitted).

The *Bristol-Myers* decision itself took pains to point out that it was not introducing a game-changing, transformative new rule. 137 S. Ct. at 1783-84. Reading *Bristol-Myers* in the manner urged by Defendants – to forbid putative non-residents opt-in plaintiffs from joining FLSA collections actions – would have exactly that unintended result.  It would upend literally decades of FLSA practice and unjustly shield employers from accountability for multistate wage violations. Like the majority of courts, this Court should not read *Bristol-Myers* discussion of a state court's power to adjudicate state law causes of action, pursuant to a state court procedure, to undermine the Congress' decision to authorize, as a matter of federal statute, the FLSA's collective action process.

> **4.**      **The Decisions on Which Defendants Rely are Readily Distinguishable**

In *Canaday v. Anthem Cos.*, 9 F.4th 392 (6th Cir. 2021), and *Vallone v. CJS Solutions Group*, 9 F.4th 861 (8th Cir. 2021), the Sixth and Eighth Circuit found that it was "a given" that the Fourteenth Amendment, by way of Rule 4, limited the court's jurisdiction with respect to all of the claims, including those of the opt-in plaintiffs. 9 F.4th at 400; 9 F.4th at 865.  However, the case on which the courts relied – *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) – did not arise in the FLSA collective action context.  Rather, the case involved only a single, plaintiff and the defendants. The sole plaintiff served a summons under Rule 4 and the state's long-arm statute.  601 F.3d at 698, 700.  Since the personal jurisdiction issue in *Tamburo* concerned only

the original plaintiff's state law claims and no federal question was at issue, *id*. at 700-01, the court never considered the extent of its jurisdiction over federal claims; or, for that matter, parties added after a summons was properly served.

Other authorities relied on by the Sixth Circuit (which the Eighth Circuit adopted) similarly fail to address whether the Fourteenth Amendment applies to federal law claims after a summons has been properly served under Federal Rule of Civil Procedure 4, pursuant to a state long-arm statute. The Sixth Circuit warned that reading Rule 4(k)(1)(A) as applying only to plaintiffs responsible for serving a summons risks "limitations on judicial power [being] one amended complaint—with potentially new claims and new plaintiffs—away from obsolescence." *Canaday*, 9 F.4th at 400.

However, Rule 4 is concerned with initial service, not jurisdictional limitations after service. *Mussat,* 953 F.3d at 448; *Waters*, 23 F.4th at 96. Contrary to the Sixth Circuit's concerns, the consequence is not that additional parties and claims can be added to escape jurisdictional limitations. In both the case of added parties and claims, the court's jurisdiction is still subject to constitutional limitations—in the case of federal law claims, the Fifth Amendment—and statutory limitations governing subject matter jurisdiction and venue. *See* 7 Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1659 (3d ed.) ("[T]he statutory jurisdiction and venue requirements are fully applicable to Federal Rule of Civil Procedure 20 and may restrict the ability to join parties."). Notwithstanding the *Canaday* court's concerns, the real danger is "the approach suggested by the Sixth Circuit—applying the Fourteenth Amendment to federal-law claims that are governed only by the Fifth Amendment." *Id*.

In addition, much of the Sixth Circuit's opinion sought to distinguish FLSA collective actions and Rule 23 class actions, likening collective actions to the mass action in *Bristol-Myers*. *See Canaday*, 9 F.4th at 402-03. While there are differences between FLSA collective actions and Rule 23 class actions, "the paramount similarity, and the only one that matters for purposes of assessing the district court's jurisdiction here, is that the named plaintiff in both actions is the only party responsible for serving the summons, and thus the only party subject to Rule 4." *Waters*, 23 F.4th at 99. After all, the named plaintiff is serving as the representative of the FLSA collective – just like a named plaintiff's role in a Rule 23 class. *See Mussat*, 953 F.3d at 447-48.

Defendants cite two district court cases in passing which are also distinguishable: *Ianotti v. Wood Group Mustang*, 603 F. Supp. 3rd 649, 656 (S.D. Ill. 2022), and *Parker v. IAS Logistics DFW, LLC*, 2021 U.S. Dist. LEXIS 171095, at *7-9 (N.D. Ill. Sept. 9, 2021). ECF No. 17 at 7. In *Ianotti*, the court reserved ruling on the personal jurisdiction issue for out-of-state opt-in plaintiffs and tolled the statute of limitations for these employees, pending further binding authority on the applicability/inapplicability of *Bristol-Myers* on FLSA collective actions. *Ianotti,* 603 F. Supp. 3rd at 657. *Parker* likewise misapplies service of process requirements with jurisdiction standards contrary to *Mussat*'s directives. *Compare Mussat*, 953 F.3d at 448 *with Parker*, 2021 U.S. Dist. LEXIS 171095, at *8-9 (also relying on a District of Massachusetts case which was overruled by the First Circuit *Waters*). Defendants' cases do not overcome the overwhelming weight of authority in Plaintiff's favor and justify overturning decades of FLSA precedent for nationwide collective actions in this Circuit and elsewhere.

- 15 -

**C.** **Dismissing Plaintiff's Nationwide FLSA Collective Action Claims Flies in the Face of the FLSA's Broad Remedial Purpose and Representative Nature.**

The FLSA is a federal law specifically addressing employment practices nationwide. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981); *Seiffert*, 2018 U.S. Dist. LEXIS 211287, at *5. The FLSA's similarly situated standard is not limited to in-state opt-ins. *Supra* at II.B.3 (citing cases). Denying personal jurisdiction over out-of-state opt-in plaintiffs' FLSA claims would split up most nationwide FLSA collective actions and diminish the effectiveness of collective actions as a means of adjudicating those claims. *Waters*, 23 F.4th at 97 ("Holding that a district court lacks jurisdiction over the non-resident opt-in claims would force[] those plaintiffs to file separate lawsuits in separate jurisdictions against the same employer based on the same or similar alleged violations of the FLSA."). Nothing in the FLSA's plain language requires opt-in plaintiffs to be in-state. *See* generally 29 U.S.C. § 201 *et seq.* and, specifically, 29 U.S.C. § 216(b). Rather, the opposite is true, as the FLSA authorizes plaintiffs to issue notice to other "similarly situated" workers. 29 U.S.C. § 216(b); *see also Swamy*, 2017 U.S. Dist. LEXIS 186535, at *5 ("Congress created a mechanism for employees to bring their claims on behalf of other employees who are 'similarly situated,' and in no way limited those claims to instate plaintiffs.") (citing 29 U.S.C. § 216(b)).

Moreover, when determining whether workers are "similarly situated" under the FLSA, courts look to whether there is a uniform pay practice or policy—not whether the employees all worked in the same geographic location. *Kurgan v. Chiro One Wellness Ctrs. LLC*, 2014 U.S. Dist. LEXIS 20255, at *13 (N.D. Ill. Feb. 19, 2014) ("geographic commonality is not necessary to satisfy the FLSA collective action's 'similarly situated' requirement.").

- 16 -

If Defendants' argument is adopted, an FLSA plaintiff would never be able to bring or represent a nationwide collective action other than (perhaps) in the defendant's home state. Such a finding simply runs counter to the representative and broad remedial nature of the FLSA.  Indeed, should the Court determine *Bristol-Myers* applies to every putative non-resident opt-in plaintiff, this one case would splinter into many.  Doing so would not only waste judicial and party resources by forcing plaintiffs to bring a multitude of virtually identical individual suits, but it would also risk inconsistent judgments regarding claims arising from the same events and brought under the same laws. *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) (the collective action mechanism affords plaintiffs the "advantage of lower individual costs to vindicate rights by the pooling of resources" and, in turn, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact."); *see also Carnegie v. Household Intern., Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("It would hardly be an improvement to have in lieu of this single class action 17 million suits each seeking damages of $15 to $30."); *Oropeza v. Appleillinois, LLC*, 2010 WL 3034247, at *3 (N.D. Ill. Aug. 3, 2010) ("A collective action serves the dual function of avoiding a multiplicity of duplicate actions while allowing plaintiffs the advantage of lower individual costs by pooling resources to vindicate rights."). As one court aptly stated:

> I cannot ignore the negative policy implications for addressing nationwide employment practices that would result by extending [*Bristol-Myers*] to FLSA collective actions, as well as the absence in the FLSA context of the federalism and state sovereignty concerns expressed in [*Bristol-Myers*]. . . . . The Fourteenth Amendment's due process limits protect nonresident defendants from being subjected to the state's 'coercive power.' BMS, 137 S. Ct. at 1779. But such federalism concerns are inapplicable to FLSA actions, which are based on federal question jurisdiction, where the court exercises the sovereign power of the United States, which is limited only by the Fifth Amendment.

*Stacy*, 342 F.R.D. at 223.

- 17 -

**D.**     **Defendants' Service of Process Argument Wrongly Conflate Concepts of Service and Jurisdiction.**

The Seventh Circuit in *Mussat* already rejected Defendants' argument regarding Rule 4(k) service.  The *Mussat* defendant argued that Rule 4(k) required compliance with state-based service of process rules and that putative class members also established an independent limitation on a federal court's exercise of personal jurisdiction. The Seventh Circuit rejected that argument as "mixing up the concepts of service and jurisdiction," and explained:

> Rule 4(k) addresses how and where to serve process; it does not specify on whom process must be served. It is true that, with certain exceptions, a federal district court has personal jurisdiction only over a party who would be subject to the jurisdiction of the state court where the federal district court is located. **But, as discussed above, a district court need not have personal jurisdiction over the claims of absent class members at all**. The rules permit a variety of representatives to sue in their own names: an executor, an administrator, a guardian, and a trustee, to name a few. See FED. R. CIV. P. 17(a)(1). If any of those is a defendant, the court will assess personal jurisdiction with respect to that person, not with respect to the person being represented.  So, too, with class actions: **if the court has personal jurisdiction over the defendant with respect to the class representative's claim, the case may proceed.** Nothing in the Federal Rules governing service of process contradicts this.

953 F.3d at 448 (emphasis added).  The Seventh Circuit concluded that class actions are one of the areas the Supreme Court "identified in which the absentees are more like nonparties, and thus there is no need to locate each and every one of them and conduct a separate personal-jurisdiction analysis of their claims." *Id*.  This analysis applies with equal force to FLSA collective actions, where jurisdiction is determined by looking to the named plaintiff only. *Seiffert*, 2018 U.S. Dist. LEXIS 211287 at *9-10 ("The residences of the opt-in plaintiffs lack relevance to the issue of specific jurisdiction[.]") (internal citation omitted); *Waters*, 23 F.4th at 97-99.

Multistate FLSA collective actions are properly adjudicated in a federal district court in Illinois even where a defendant is not subject to general jurisdiction in Illinois and where putative

- 18 -

collective action members both live outside of Illinois and suffered alleged wage violations outside of Illinois. *Terry v. TMX Fin. LLC*, 2014 U.S. Dist. LEXIS 68523, at *3 (N.D. Ill. May 19, 2014). In *Terry*, the court considered the allegations that defendants "engaged in a nationwide practice of underpaying its [employees], with resulting injuries suffered in [] several other states." *Id*. The court rejected the defendant's contention that it had specific jurisdiction only over the Illinois claims rather than the collective claims, "[b]ecause the alleged misconduct is the same whether it occurred in Illinois or Alabama, the injuries sustained outside Illinois 'relate to' the injuries sustained within Illinois." *Id*. Accordingly, the court held that its "jurisdiction covers the full scope of [the defendant's] allegedly nationwide practice." *Id*.

As in *Terry*, in the instant case, Defendants' pay practices and duties of its employees demonstrate the putative FLSA collective action members suffered the same alleged injuries whether they occurred in Illinois or another state, meaning the injuries sustained by nonresident plaintiffs "relate to" those suffered in Illinois. *Terry*, 2014 U.S. Dist. LEXIS 68523 at *3. Thus, the Court has jurisdiction over Defendants for all of the claims asserted, including those of the putative non-resident opt-in plaintiffs. *Id*.; *see also Shutts, supra*.

**E.      Defendants Have Not Raised Personal Jurisdiction Arguments in Other Store Manager FLSA Collective Action Litigation, Demonstrating that their Arguments Here Are Akin to Forum Shopping.**

There is another FLSA collective action involving the misclassification of Defendants' Store Managers: *McColley v. Casey's General Stores, Inc., et al.*, No. 2:2018-cv-00072 (N.D. Ind.). This *Kessler* case involves Store Managers who did not join the *McColley* action. ECF No. 1 at ¶ 52. *McColley* is pending in the Northern District of Indiana – in a state in which Defendants do not maintain their principal place of business and where they are not incorporated. Nevertheless

- 19 -

(likely because Defendants perceive Indiana to be a better venue to litigate out-of-state Store Managers' FLSA claims than in Illinois), Defendants have never argued that out-of-state opt-in plaintiffs cannot join the *McColley* case due to lack of jurisdiction. Defendants are taking inconsistent positions on jurisdiction based on their perceived likelihood of success in the courts where the cases are filed. It is clear Defendants do not want this Court to handle claims involving out-of-state Store Managers and would prefer to litigate such claims in their home forum in Iowa. Such inconsistent conduct is a further reason to deny this motion.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' motion.

Dated: Chicago, Illinois
      April 14, 2023

Respectfully submitted,

*s/Douglas M. Werman*

Douglas M. Werman
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, IL 60602
Telephone:   (312) 419-1008
Facsimile:    (312) 419-1025
dwerman@flsalaw.com

Gregg I. Shavitz*
Loren Donnell*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:   (561) 447-8888
Facsimile:   (561) 447-8831
gshavitz@shavitzlaw.com
ldonnell@shavitzlaw.com

Michael Palitz*
**SHAVITZ LAW GROUP, P.A.**
447 Madison Avenue, 6th Floor
New York, New York 10022

- 20 -

Telephone:     (800) 616-4000
Facsimile:     (561) 447-8831
mpalitz@shavitzlaw.com

Marc Hepworth*
David Roth*
Charles Gershbaum*
Rebecca Predovan*
**HEPWORTH GERSHBAUM &
ROTH PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:     (212) 545-1199
Facsimile:     (561) 447-8831
mhepworth@hgrlawyers.com
droth@hgrlawyers.com
cgershbaum@hgrlawyers.com
rpredovan@hgrlawyers.com

*Attorneys for Plaintiff, the Collective
Members, and the Illinois Class*

*\* pro hac vice admission forthcoming*