IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SUMMER KESSLER, on behalf of herself and all other similarly situated,** | |
| Plaintiff, | Case No. 22-cv-02971-SPM |
| v. | |
| **CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss *In Part* filed by defendants Casey's General Stores, Inc., Casey's Marketing Company, and Casey's Retail Company, (hereinafter collectively referred to as "Casey's") (Doc. 16). For the reasons set forth below, the Court DENIES the Motion to Dismiss.

### PROCEDURAL BACKGROUND

On December 19, 2022, Summer Kessler ("Kessler") filed a two-count "Collective and Class Action Complaint" against defendants herein wherein she seeks to recover unpaid overtime compensation for herself and similarly situated workers (Doc. 1). The first cause of action, Count I, seeks to remedy violations under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.,* while the second cause of action, Count II, seeks to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Id.).

Count I is brought on Kessler's behalf and as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (Doc. 1, p. 10). In Count I, Kessler seeks certification of the following class, which is collectively referred to as the "Illinois Class" and/or "Class Members":

> "All Store Managers who are currently or have been employed by Defendants in Illinois at any time between the time period of three years prior to the filing of this Collective and Class Action Complaint and the date of final judgment in this matter and excluding individuals who joined the *McColley v. Casey's General Stores, Inc., et al*, No. 2:2018-cv-00072 (N.D. Ind.) lawsuit (the "IMWL Class")." (Doc. 1, ¶¶ 38, 39).

Count II is brought by Kessler and on behalf of Collective Members (Doc. 1, p. 11.). In Count II, Kessler brings FLSA overtime claims on behalf of herself and all similarly situated persons who work or have worked for defendants as exempt-classified Store Managers from December 15, 2019, to the date of judgment in this Action who elect to opt in to this action (Doc. 1, ¶52).

On February 21, 2023, Casey's filed their Answer and Affirmative Defenses (Doc. 14). On that same date, they also filed their Motion to Dismiss *In Part* pursuant to Rule 12(b)(2), along with Supporting Memorandum of Law (Docs. 16, 17). Within the motion, Casey's argues that the Court lacks grounds to assert personal jurisdiction over the putative "opt in" collective members that did not work in Illinois (Id.).

On April 14, 2023, Kessler responded to the pending motion to dismiss (Doc. 26). On April 28, 2023, Casey's filed their reply (Doc. 30). As such, this motion is ripe for review.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges whether the Court has jurisdiction over a party. Fed.R.Civ.P. 12(b)(2). The party asserting jurisdiction has the burden of proof. *Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010). The Court may consider affidavits and other competent evidence submitted by the parties. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003). If the Court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction as the Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018 (7th Cir. 2009); *Central States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387 (7th Cir. 1983)). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction," however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Any dispute concerning relevant facts is resolved in the plaintiff's favor. *Id.* at 782–83.

## ANALYSIS

This case involves claims under both federal and state law. A case arises under federal law when federal law creates the case of action asserted, so this Court's jurisdiction rests on a federal question, 28 U.S.C. §1331. *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). However, because this case also involves state law and there is no question

that the claims arise from the same set of operative facts, supplemental jurisdiction applies. 28 U.S.C. §1367. Indeed, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action … that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

FLSA does not authorize nationwide service of process; therefore, this Court may only exercise personal jurisdiction over Casey's if "authorized by Illinois law and by the United States Constitution." *See* 29 U.S.C. §216(b); *see also Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 392-393 (7th Cir. 2020); *Tamburo*, 601 F.3d at 699 ("Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state"). The Illinois long-arm statute "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitution". *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).

While two types of personal jurisdiction exist (general and specific), the parties focus on specific personal jurisdiction as Casey's in neither incorporated in Illinois nor does it maintain its principal place of business in Illinois. Specific jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Tamburo,* 601 F.3d at 702 (relying on *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

Here, Casey's concedes that there is specific personal jurisdiction as to Kessler's claims and those of Illinois class members (Doc. 16). However, Casey's argues that there is no specific jurisdiction over potential claims brought by employees who neither resided nor worked in Illinois for Casey's, i.e. the out-of-state opt-ins (Id.).

In support of their position, Casey's argues for application of *Bristol-Myers Squibb Co. v. Superior Court of California,* 582 U.S. 255 (2017), which involved an aggregate mass tort action that arose under California law. In *Bristol-Myers*, the Supreme Court held that the state court lacked specific jurisdiction where there was no connection between the forum state (California) and the specific claims asserted by non-resident plaintiffs. 582 U.S at 268. Casey's position is not that simple though. Indeed, it would require the Court to analogize Kessler's FLSA claim with the California state action in *Bristol-Myers* and determine that jurisdiction for each potential opt-in plaintiff be established at the threshold stage. In other words, Casey's argues that *Bristol-Myers* requires each potential opt-in plaintiff to show minimum contacts between Casey's and the forum state, Illinois, before even being a party to the suit, and asserts that a motion to dismiss is the proper stage at which to raise this argument. This Court does not agree with that blanket application as Kessler is the only named plaintiff at this stage.

To the contrary, Kessler likens the representative nature of FLSA claims to Rule 23 class actions and points to controlling precedent within this Circuit (Doc. 26). In *Mussat v. IQVIA, Inc.,* the Seventh Circuit held that *Bristol-Myers* was not applicable to nationwide class actions filed in federal court under federal statutes. 953 F.3d 441 (7th Cir. 2020), Indeed, the rules for class certification support a focus on the named representative for purposes of personal jurisdiction. *See Mussat,* 953

F.3d. at 448 ("[i]f the court has personal jurisdiction over the defendant with respect to the class representative's claim, the case may proceed.").

Kessler also contends that application of *Bristol-Myers* to FLSA collective actions would contradict the broad remedial and representative nature of the FLSA (Doc. 26). The FLSA was enacted to in 1938 with the goal of "protecting all covered workers from substandard wages and oppressive working hours". 29 U.S.C. § 202(a); *Christopher v. SmithKline Beecham Corp,* 567 U.S. 142, 147 (2012) (citing *Arkansas–Best Freight System, Inc.,* 450 U.S. 728, 739 (1981)). The very representative nature of the FLSA and collective actions limits duplicative lawsuits where numerous persons may have been harmed while requiring Court to establish jurisdiction of each putative collective member before they have even opted-in thwarts that purpose and only leads to congestion within the courts.

Other courts in this circuit and even district have declined to consider this issue prior to conditional certification. *See Ionnotti v. Wood Group Mustang,* 20-cv-958-DWD (S.D. Ill. July 6, 2021) (personal jurisdiction analysis should take place after a ruling on the motion for conditional certification); *see also Parker v. IAS Logistics DFW LLC*, 2021 WL 170788 (N.D. Ill. Jan. 1, 2021) (the personal-jurisdiction analysis should take place after a ruling on the motion for conditional certification). In *Parker*, the court conceded that the *Mussat* decision was limited the distinction between nationwide class actions filed in federal court under federal law from mass-tort actions filed in state court under state law; however, the Seventh Circuit has also commented on the similarity of standards involved in certifying collective and class actions. *See Espenscheid v. DirectSat USA, LLC,* 705 F.3d 770, 772 (7th Cir. 2013) ("[T]he provisions of Rule 23 are

intended to promote efficiency as well, and in that regard are as relevant to collective actions as class actions.").

At this juncture, the Court is persuaded that it is premature to reach the question of personal jurisdiction before individuals have even been given notice of the collective action and an opportunity to opt-in. However, this issue can be raised at a later date, after a ruling on the motion for conditional certification. As such, Casey's Motion to Dismiss *In Part* is **DENIED, without prejudice.**

**IT IS SO ORDERED.**

**DATED: <u>August 4, 2023</u>**

/s/Stephen P. McGlynn
**STEPHEN P. McGLYNN
U.S. District Judge**